## STATE

### v.

### Steven WASHINGTON.

### No. 94–563–C.A.

Supreme Court of Rhode Island.

March 31, 1995.

Andrea Mendes, Aaron Weisman, Providence.

Paula Rosin, Providence.

### ORDER

This matter came before the Supreme Court on March 17, 1995, pursuant to an order directing both the state and the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant, Steven Washington, has appealed from the lower court's finding that he violated his probation and the reimposition of a previously suspended sentence.

After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, this court concludes that cause has not been shown. The appeal will be decided on the merits at this time.

A hearing was held during four days in the Superior Court at which testimony was presented indicating that defendant and an accomplice assaulted a woman in her car. The defendant and the accomplice took five rings from her finger and also $15. When they left her in her car they took her keys so she could not follow them.

After about a minute she got out of her car and ran to call the Providence police. Later she went to the police station where she identified two men who were brought into the station individually. She stated that they were the same men that robbed her. It took her very little time to recognize each one of them.

At the conclusion of the hearing the trial justice reviewed the facts specifically, and the victim's testimony about the victim's identification. The trial justice concluded that "based upon the testimony, this court is reasonably satisfied that Steven Washington has violated the terms and conditions of his probation."

On appeal the defendant argues that "the circumstances of the robbery and subsequent identification were such that the victim's identification in and out of court were unreliable." After review of the record this court is of the opinion that the victim's identification met the five factors set out in *State v. Turner*, 561 A.2d 869, 871 (R.I.1989). They are:

"1. She had an opportunity to observe the defendant for approximately 20 minutes in a casual conversational environment.

"2. During her conversation with the defendant she was completely focused on him probably because she felt at ease.

"3. Her description of the defendant was accurate and enabled the police to pick up her assailant quickly.

"4. Upon seeing the defendant she was able to identify him immediately.

"5. The confrontation took place within two hours, which was well within an appropriate time for her memory to still be fresh and reliable."

It is clear to this court that the identification was proper and reliable. The trial justice's decision was neither arbitrary nor capricious. The evidence clearly met the reasonably satisfactory burden.

For these reasons the defendant's appeal is denied and dismissed, the judgment of violation appealed from is affirmed, and the papers of the case are remanded to the Superior Court.